| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | **DOLL AMIR & ELEY LLP**<br>HUNTER R. ELEY (SBN 224321)<br>heley@dollamir.com<br>CONNIE Y. TCHENG (SBN 228171)<br>ctcheng@dollamir.com<br>725 S. Figueroa Street, Suite 3275<br>Los Angeles, California 90017<br>Tel: 213.542.3380<br>Fax: 213.542.3381<br><br>Attorneys for Defendant,<br>CAPITAL ONE, N.A.,<br>successor-by-merger to<br>Capital One Bank (USA), N.A. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Cerda,<br><br>       Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL<br>CAPITAL ONE BANK USA NA<br>COMENITY BANK EXPRESS<br>CREDIT ONE BANK NA<br>DISCOVER BIN SVCS LLC<br>ISAC<br>MACYS/DSNB<br>SYNBC/CARE CREDIT<br>ABILITY RECOVERY SERVICES<br>CONVERGENT OUTSOURCING<br>COMCAST<br>JEFFERSON CAPITAL SYST<br>AES/SUNTRUST BANK<br>ILL STUDENT ASST. CO<br>EXPERIAN<br>TRANS UNION LLC<br>EQUIFAX<br>DOES 1-10,<br><br>       Defendants. | Case No. 3:22-cv-05188-TLT<br><br>*Assigned to District Judge Trina L. Thompson*<br><br>**DEFENDANT CAPITAL ONE, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*[Proposed] Order lodged concurrently herewith*]<br><br>Date:   May 2, 2023<br>Time:  2:00 p.m.<br>Place:  Courtroom 9 – 19th Floor<br>           450 Golden Gate Avenue<br>           San Francisco, CA 94102<br><br>Complaint Filed: 09/12/2022<br>Trial Date:     TBA |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 2, 2023, at 2:00 p.m., or as soon thereafter as counsel may be heard in the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Judge Trina L. Thompson, Defendant Capital One, N.A., successor-by-merger to Capital One Bank (USA), N.A., (hereinafter, "Capital One"), will move, and hereby does move, pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) for an order dismissing the Complaint for Damages ("Complaint") filed by Plaintiff Jesus Cerda ("Plaintiff").

Capital One brings its motion based on the Amended Complaint's failure to differentiate between the defendants in a manner sufficient to place Capital One on notice of Plaintiffs' claims and failure to state a claim on which relief can be granted. This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

DATED: February 3, 2023            DOLL AMIR & ELEY LLP

By: */s/ Connie Y. Tcheng*
    HUNTER R. ELEY
    CONNIE Y. TCHENG
Attorneys for Defendant,
CAPITAL ONE, N.A., successor-by-merger
to Capital One Bank (USA), N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Capital One, N.A., successor-by-merger to Capital One Bank (USA), N.A., (hereinafter, "Capital One"), respectfully submits this memorandum of points and authorities in support of its motion to dismiss the Complaint filed in this action by Plaintiff Jesus Cerda ("Plaintiff").

## I. INTRODUCTION

Plaintiff appears to bring this action in order to clear derogatory credit information from his credit report. However, he has not alleged any facts to support his claims. Instead, he indiscriminately brings claims against sixteen defendants, which appear to be thirteen creditors and three credit reporting agencies ("CRAs"). Plaintiff lumps all of the defendants together, asserting simply that he saw inaccurate information on his credit report, and he submitted disputes to the CRAs, but later credit reports did not reflect any corrections. He sets forth no facts specific to Capital One; he does not identify any account he has held with Capital One, what Capital One may be reporting about that account to his credit report, what he disputed, or how Capital One responded.

Plaintiff's dearth of factual allegations and indiscriminate lumping together of the defendants fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a), and it fails to state a claim under Rule 12(b)(6). Moreover, the majority of Plaintiff's claims could not be cured through amendment. Plaintiff's first two claims against Capital One arise under the Fair Debt Collection Practices Act ("FDCPA"), but the FDCPA does not apply to creditors such as Capital One (as opposed to third-party debt collectors). Plaintiff's third, fourth, and fifth claims arise under three provisions of the Fair Credit Reporting Act ("FCRA"), but the FCRA only provides a private right of action for 15 U.S.C. § 1681s-2(b), which underpins his third claim.

Further, because Plaintiff has not actually alleged any facts about Capital One, he has not established the elements of his FCRA claim under section 1681s-2(b).

Specifically, he has not satisfied the *threshold* requirement of demonstrating that Capital One is reporting an inaccuracy to his credit report, and he also fails to set forth facts demonstrating why Capital One's investigation and response to any dispute he raised with a CRA was not reasonable.

Finally, as to his sixth claim for violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Plaintiff has failed to allege facts demonstrating that Capital One has engaged in harassing or otherwise inappropriate debt collection activity. Indeed, Plaintiff has failed to establish that Capital One engaged in *any* debt collection activity, as reporting derogatory credit information does not constitute debt collection.

For these reasons, Capital One respectfully requests that the Court grant this Motion and dismiss the Complaint without leave to amend.

## II. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff brings claims against sixteen defendants, including what appear to be thirteen creditors and three CRAs. *See generally*, Complaint ("Compl."). Plaintiff does not allege any facts regarding any accounts the creditors may have issued or own. *Id.* Rather, he indiscriminately asserts that he "discovered around May 2021 that DEFENDANT FURNISHERS had been reporting false, incorrect, and inaccurate information to the Defendant CRA's." *Id.*, ¶ 30. Plaintiff does not include any specific data about any account and instead simply alleges that the creditors are furnishing, and the CRAs are reporting, "incorrect and inconsistent data to include, but not limited to: date account opened, amount owed, amount past due, account status, payment status, amount past due, monthly payment, and seven year payment history." *Id..*, ¶ 39.

Plaintiff alleges that, on April 30, 2022, he "filed a Notice of Dispute via certified mail with the DEFENDANT FURNISHERS, requesting validation and verification per 15 U.S.C. 1692g of purported consumer debt." Compl., ¶ 32. However, he did not receive a response. *Id.*

On June 12, 2022, Plaintiff pulled a copy of his credit reports, which showed no corrections having been made to inaccurate data, and no notice of disputes. Compl., ¶ 33. Plaintiff filed a dispute with the CRAs that same day, requesting information regarding the investigation procedure, source of information, his consumer file, an updated copy of his credit report after dispute adjustments were made, a copy of his automated consumer dispute verification forms("ACDVs"), and any automated universal data forms ("AUDs") received from credit furnishers. *Id.*, at 34. The CRAs did not respond to these requests. *Id.*

Plaintiff obtained another copy of his credit reports on August 23, 2022, and it showed no corrections to any data he disputed and no notice of disputes. Compl., ¶¶ 40-41.

Plaintiff asserts, with no supporting factual allegations, that he has suffered "Delayed purchasing of an automobile; Delayed in establishing his own residence; Moneys lost by attempting to fix his credit; [and] Loss of time." Compl., ¶ 42.

## III. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a complaint must be dismissed if it fails to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is required where the complaint lacks allegations to sustain the elements of a claim for relief, or when no cognizable legal theory supports the claim. *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Twombly*, 556 U.S. at 678.

In ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, *documents incorporated into the complaint by reference*, and *matters of which a court may take judicial notice*." *Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S. Ct. 2499 (2007) (emphasis added).

## IV. ARGUMENT

### A. Plaintiff's Complaint Fails Because Does Not Satisfy the Pleading Requirements of Fed. R. Civ. Proc. 8(a).

As a preliminary matter, Plaintiff's entire Complaint should be dismissed because the generalized allegations do not differentiate between multiple defendants and, as a result, fail to place each defendant on fair notice of its alleged misconduct. *See Corazon v. Aurora Loan Servs.*, 2011 WL 1740099, *4 (N.D. Cal. May 5, 2011) ("By failing to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations, Plaintiff's Complaint violates Rule 8(a)(2) because it fails to provide [defendant] with fair notice of its alleged misconduct"); *In re Sagent Tech., Inc.,* 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act"); *Aaron v. Aguirre,* 2007 WL 959083 (S.D. Cal. Mar. 8, 2007) ("Undifferentiated pleading against multiple defendants is improper"); *Gauvin v. Trombatore,* 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them"); *Gen-Probe, Inc. v. Amoco Corp., Inc.,* 926 F. Supp. 948, 960 (S.D. Cal. 1996) ("[Rule 8] require[s] that the defendant be given 'fair notice of [1] what the plaintiffs claim is and [2] the grounds upon which it rests.' The plaintiff's shotgun approach is clearly deficient to serve either of these purposes."); *Marin v. Eidgahy*, 2011 WL 2446384, *4 (S.D. Cal. June 17, 2011) ("Plaintiff's vague allegations that repeatedly group all defendants together under each claim for relief are not sufficient").

Here, Plaintiff's allegations lump together the defendants in undifferentiated fashion. *See* Compl., ¶¶ 27-28, 30-42. Plaintiff makes these blanket allegations even

4

though the defendants do not appear to bear any relation to each other or any common nucleus of fact; rather, Plaintiff appears to have filed the Complaint against thirteen unrelated financial institutions, regarding unrelated accounts that he holds with each of them. *Id.*, ¶¶ 4-17.

Having failed to differentiate between defendants named in the Complaint, the Complaint must be dismissed. *See Yu v. Design Learned, Inc.*, 2016 WL 1621704, *4-5 (N.D. Cal. April 22, 2016) (holding that plaintiff failed to satisfy his burden under Rule 8(a) because the allegations failed to differentiate between the defendants).

### B. Plaintiff's First and Second Claims Under the FDCPA Fail Because the FDPA Does Not Apply to Creditors.

Plaintiff asserts two causes of action against Capital One for violation of the FDCPA. *See* Compl., ¶¶ 48-66. However, these claims fail because Capital One is not a "debt collector" for purposes of the FDCPA.

In order to hold a defendant liable for a violation of the FDCPA, a defendant must fall within the definition of a "debt collector" under the statute. *See* 15 U.S.C. §1692 *et seq*. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). According to the FDCPA, "the term 'debt collector' . . . does not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. §1692a(6)(A). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Plaintiff fails to set forth any factual allegations regarding a Capital One account, what Capital One is reporting regarding that account, or how that accounting

is inaccurate. *See generally*, Compl. The most that the Complaint implies is that Capital One is a furnisher of information. *Id.*, ¶¶ 30, 39. However, the FDCPA thus does not apply to Capital One because "a company that extends a consumer credit line (e.g., a credit card company) is in the business of extending credit, not the business of collecting debts." *Smith v. Capital One Fin. Corp.*, No. C 11-3425 PJH, 2012 U.S. Dist. LEXIS 66445, at *7 (N.D. Cal. May 11, 2012).

Accordingly, Plaintiff's FDCPA claims must be dismissed. *Hatteberg v. Capital One Bank, N.A.*, No. SA CV 19-1425-DOC-KES, 2019 U.S. Dist. LEXIS 231235, at *17 (C.D. Cal. Nov. 20, 2019) (granting motion to dismiss without leave to amend where plaintiff did not allege facts demonstrating that Capital One's principal business was debt collection or that it regularly collects debts owed to another).

### C. Plaintiff's Third Claim Under FCRA Section 1681s-2(b) Fails Because it is Inadequately Pled.

Plaintiff's third claim against Capital One arises under section 1681s-2(b) of the FCRA. However, Plaintiff has not alleged sufficient facts against Capital One to state this claim. To state a claim under this provision, "a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s–2(b)(1)(A)–(E)." *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (granting motion to dismiss for lack of allegations demonstrating reported inaccuracy); *see also Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012) ("Upon being notified of a dispute by a CRA, a furnisher must investigate and, if necessary, correct the information it reports."). Here, Plaintiff has failed to allege adequately facts sufficient to establish these elements.

Principally, Plaintiff has not alleged facts demonstrating that Capital One reported inaccurate information. That the furnisher reported inaccurate information is a threshold, *necessary* requirement of this claim. *See Ridley v. Bank of Am. Corp.*, No. CV 19-7783 PSG (SSX), 2020 WL 2497753, at *4 (C.D. Cal. Jan. 2, 2020) ("To state a claim against a furnisher of information under FCRA, a plaintiff must allege that an inaccuracy existed in his credit report."), citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (holding that although the FCRA "does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."); *Scharer v. OneWest Bank, FSB*, No. cv 13-80 DSF (AGRx), 2014 WL 12558124 (C.D. Cal. Sept. 8, 2014), *5 (Scharer's FCRA claims against OneWest avoid summary judgment only if Scharer identifies a genuine dispute of material fact as to whether OneWest furnished incomplete or inaccurate information.).

Here, Plaintiff does not allege any facts demonstrating what information Capital One is reporting that Plaintiff asserts is inaccurate, or why such information is inaccurate. *See Littleton v. Experian Information Solutions, Inc.*, No. 5:15-CV-01619-EJD, 2015 WL 4638308, at *2 (N.D. Cal., Aug. 4, 2015) (granting motion to dismiss FCRA claim, finding unspecified allegations regarding misleading or inaccurate balances were insufficient for furnisher defendant to understand the basis for potential liability); *Manukyan v. Cach, LLC*, 2012 WL 6199938, *1, 3 (C.D. Cal. Dec. 11, 2012) (dismissing FCRA claim and noting that a conclusory allegation that a credit report contained a "derogatory status" was inadequate to plead the element of inaccurate reporting)*; Flores v. GMAC Mortgage*, 2010 WL 582115, 5 (E.D. Cal. 2010) (granting motion to dismiss where complaint failed to allege what information was reported). Instead, Plaintiff merely asserts that Capital One is inaccurately reporting various categories of information. Compl., ¶¶ 30, 39. This bare assertion does not satisfy his obligation to allege inaccurate credit reporting, and the claim must be dismissed on this ground. *See Iyigun v. Cavalry Portfolio Servs., LLC*, 2013 WL 950947, *1

(dismissing FCRA claim "because the SAC does not sufficiently plead the element of inaccurate credit reporting.").

Plaintiff additionally fails to allege facts demonstrating why Capital One's investigation in response to any dispute he submitted to the CRAs was deficient. *See generally*, Compl. Whether a furnisher's investigation was reasonable depends on the information provided to it in connection with the dispute. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) ("[W]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher by the credit reporting agency.").

Accordingly, a plaintiff must allege facts that support a finding that the defendant acted unreasonably and may not rest on conclusory allegations. *See Abbot v. Experian Info. Sols., Inc.*, 179 F. Supp. 3d 940, 945 (N.D. Cal. 2016) (holding that failure of allegations surrounding the dispute could not support a claim under Section 1681s-2(b)); *Iyigun*, 2013 WL 950947 at *1 (dismissing Section 1681s-2(b) claim on grounds that the complaint "does not include any allegations as to the impropriety of [the furnisher's] investigation or any factual basis for a contention that the investigation was defective"); *Berberyan v. Asset Acceptance, LLC*, 2013 WL 1136525, at *5 (C.D. Cal. 2013) ("conclusory allegation that defendant failed to conduct a proper investigation into the validity of the debt it had reported . . . is insufficient to state a claim . . . .").

Here, Plaintiff does not allege any facts whatsoever about any dispute he submitted to a CRA or why any response by Capital One was inadequate. *See generally*, Compl. Accordingly, he has failed to allege adequately this claim and it must be dismissed. *See Flores v. GMAC Mortg*age, 2010 WL 582115, 5 (E.D.Cal. 2010) (granting motion to dismiss where "Plaintiffs do not allege what information Defendants reported, to whom they reported the information, whether that

information was inaccurate, or what they relied on. . . . Plaintiffs' 'conclusory statements' are insufficient to allege a cognizable claim.").

### D. Plaintiff's Fourth and Fifth Claims Under FCRA Section 1681i(a) and 1681e(b) Fail Because Capital One is Not a CRA.

Plaintiff's fourth and fifth claims under 15 U.S.C. §§1681i(a) and 1681e(b) fail because these provisions apply only to CRAs. *See* 15 U.S.C. §§ 1681i(a), 1681e(b). Section 1681s-2(b) is the only provision of the FCRA under which consumers have a private right of action against furnishers. *Dewi v. Wells Fargo Bank*, No. CV 12-2891 ABC (SHx), 2012 U.S. Dist. LEXIS 189878, at *8 (C.D. Cal. Aug. 8, 2012) ("Plaintiff's only actionable claims against Wells Fargo as a furnisher must fall within § 1681s-2(b) of the FCRA."), citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *Finley v. Capital One*, No. 16-cv-01392-YGR, 2017 U.S. Dist. LEXIS 57645, n.2 (N.D. Cal. Apr. 14, 2017) ("15 U.S.C. § 1681s-2(b) is the FCRA's only section that allows for a private right of action against furnishers."). Plaintiff has not (and cannot) set forth facts demonstrating that Capital One is a CRA, and these claims thus fail.

### E. Plaintiff's Sixth Claim Under RFDCPA Fails Because it is Inadequately Pled.

Finally, Plaintiff brings one claim against Capital One for violation of the RFDCPA. Plaintiff conclusorily asserts that Capital One violated section 15 U.S.C. § 1692d of the federal FDCPA, which is incorporated by California Civil Code section 1788.17 into the RFDCPA. *See* Compl., ¶¶ 112-113. However, this claim fails because Plaintiff has not alleged any facts in its support.

Section 1692d of the FDCPA prohibits "any conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §§ 1692d. Plaintiff bases this claim on Capital One's reporting information about his Capital One credit card account to CRAs. Compl., ¶¶ 30, 39. However, as discussed above, Plaintiff has not alleged facts demonstrating that Capital One's

credit reporting regarding the account was unlawful. *Supra*, Section IV.C. Moreover, the FDCPA explicitly acknowledges that providing derogatory credit information to CRAs about consumers is *not* a violation of section 1692d: "Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (3) The publication of a list of consumers who allegedly refuse to pay debts, *except to a consumer reporting agency*." 15 U.S.C. § 1692d(3).

Accordingly, Plaintiff's effort to allege a claim under section 1692d based on Capital One's credit reporting fails. *See Kopp v. Consumer Adjustment Co.*, No. 4:13CV2196 SNLJ, 2014 U.S. Dist. LEXIS 14735, at *5 (E.D. Mo. Feb. 6, 2014) ("Plaintiff alleges a violation simply by the reporting of the 'negative entry on his credit.' Simply reporting that debt to a credit bureau is not, absent other allegations, a violation of § 1692d. As a result, defendants' reporting of the debt was not a violation of §1692d.").

## V.  CONCLUSION

For the foregoing reasons, Capital One respectfully requests that its Motion to Dismiss be granted in its entirety without leave to amend.

DATED: February 3, 2023                    DOLL AMIR & ELEY LLP


By: _/s/ Connie Y. Tcheng_____
    HUNTER R. ELEY
    CONNIE Y. TCHENG
Attorneys for Defendant,
CAPITAL ONE, N.A., successor-by-merger to Capital One Bank (USA), N.A.

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CAPITAL ONE, N.A.'S MOTION TO DISMISS COMPLAINT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **725 S. Figueroa Street, Suite 3275, Los Angeles, California 90017**.

On February 3, 2023, I served the foregoing document described as **DEFENDANT CAPITAL ONE, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 725 S. Figueroa Street, Suite 3275, Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☒ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 3, 2023, at Los Angeles, California.

_____
Diana Kang

PROOF OF SERVICE

# SERVICE LIST

| | |
|---|---|
| BY REGULAR MAIL & E-MAIL<br><br>Jesus Cerda<br>2528 Pomo Trl<br>Santa Rosa, CA 95403 | T: (707) 237-4855<br>E: jessiecerda1985@gmail.com<br><br>*Plaintiff, in pro se* |
| BY CM/ECF<br><br>Peter Yould, Esq.<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 Park Plaza, Suite 1400<br>Irvine, CA 92614 | T: (949) 622-2700<br>F: (949) 622-2739<br>E: peter.yould@troutman.com<br><br>*Attorneys for Defendant, Ally Financial* |
| BY CM/ECF<br><br>James K. Schultz, Esq.<br>Debbie P. Kirkpatrick, Esq.<br>SESSIONS ISRAEL & SHARTLE, LLP<br>1550 Hotel Circle North, Suite 260<br>San Diego, CA 92108 | T: (619) 758-1891<br>F: (877) 334-0661<br>E: jschultz@sessions.legal<br>E: dkirkpatrick@sessions.legal<br><br>*Attorneys for Defendants, Jefferson Capital Syst and Convergent Outsourcing* |
| BY CM/ECF<br><br>Donald E. Bradley, Esq.<br>MUSICK, PEELER & GARRETT LLP<br>650 Town Center Drive, Suite 1200<br>Costa Mesa, CA 92626 | T: (714) 668-2400<br>F: (714) 668-2490<br>E: d.bradley@musickpeeler.com<br><br>*Attorneys for Defendant, AES/Suntrust Bank* |
| BY CM/ECF<br><br>Katie Gonzalez, Esq.<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303 | T: (650) 739-3939<br>F: (650) 739-3900<br>E: kgonzalez@jonesday.com<br><br>*Attorneys for Defendant, Experian* |
| BY CM/ECF<br><br>Jason S. Roberts, Esq.<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077 | T: (317) 363-2400<br>F: (317) 363-2257<br>E: jroberts@schuckitlaw.com<br><br>*Attorneys for Defendant, Trans Union LLC* |