Jesus Rogelio Cerda
2528 Pomo Trial
Santa Rosa, CA 95403
707-237-4855 cell
jessiecerda1985@gmail.com
*Plaintiff pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Rogelio Cerda,  <br><br>          Plaintiff,  <br><br>     vs.  <br><br>ALLY FINANCIAL, *et al*  <br><br>          Defendants. | CASE NO: 22-cv-05188-TLT  <br>Hon. Trina L. Thompson, Courtroom 9  <br><br>**PLAINTIFF OPPOSITION TO DEFENDANT CAPITAL ONE MOTION TO DISMISS DOC 35**  <br>DATE: May 2, 2023  <br>TIME:  2:00 pm  <br>PLACE: Courtroom 9, 19 fl, 450 Golden Gate Avenue, San Francisco, CA 94102 |

Please take notice at the above date, time and location of the United States District Court will and hereby does move the Court for an Order denying Defendants Motion to Dismiss, or in the alternative, leave of court to file a more definite statement and Amended Complaint. Plaintiff apologizes to the Court and Defendant for late response, Plaintiff caught a case of Covid and was unable to timely reply. Defendant is not prejudiced, harmed or delayed due to this late filing.

Dated: 2-21-23                                              Respectfully submitted

                                                            /s/ Jesus Cerda

                                                            _____
                                                            JESUS CERDA, Plaintiff *Pro Se*

Page 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## Introduction

Plaintiff has filed prima facie complaint with short simple plain statement of facts by Fed.Civ.R. 8a and stated the relief requested.

The Defendants have filed a Motion to Dismiss Fed.Civ.R.12(b)(6) attempting to dismiss vs asking for a more definite statement. Plaintiff does not believe he needs a more definite statement and Plaintiff has met his factual basis of Twombly/Iqbal "plausibility" standard.

## II.

## Standards of Review of Pro Se Pleadings

If the court believes Plaintiff made some technical missteps Plaintiff attributes them to learning curve. However, none of which is fatal to his claim as will be demonstrated below. Plaintiffs can amend this complaint and has enough facts stated to surpass Twombly/Iqbal "plausibility" standard.

Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has she been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally. See *Haines v. Kerner, 404 U.S. 519-20, (1972).* "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief." *Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).*

As applied to this Complaint, Plaintiff alleged sufficient facts to meet or exceed the standard set out by the Twombly/Iqbal "plausibility" standard.  Accordingly, such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys. *Platsky v. CIA,  953 F.2d  25, 26 28 (2nd Cir. 1991),* The Court is the Guardian of 'my' liberties

and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."

Defendant should have requested a 12(e) More Definite Statement.

### III.

### Standard for Dismissal under FRCP 12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997)* (citation omitted). The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] Complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Hartford Fire Ins. Co. v.California, 509 U.S. 764, 811 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)*; *Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)* .

The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief in the First Amended Complaint. See Rutman Wine Co. v. E. &J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987**).**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

## IV.

## ARGUMENT

The basis of Defendants claim to dismiss is that Plaintiff used a "shotgun" approach to the case sub judis. Not so, Plaintiff was just addressing the damages or the wrongs thru all the Defendants who did not comply with black letter law and strict liability statutes of the consumer protections. That is why Plaintiff addressed the 13 creditors/debt collectors and the 3 credit

reporting agencies all at one time as their actions were all done at one time.  Dispute letters to all Defendants were sent at one time, and the Credit Reports were all pulled at the same time.

      Defendant incorrectly states Plaintiff cannot cure thru amendment. Plaintiff disagrees, but more importantly, feels he has met his burden. If Defendant wants an amended complaint to be filed specifically directing the noncompliance with consumer protection, Plaintiff will be happy to do so. In reality, ***Plaintiff has specifically addressed the damages and incorrect procedures followed by Defendant by addressing "furnisher" which means creditor, which is what Defendant is and was in this case. Furnishers have specific known duties and obligations, so even without reference to FDCPA Defendant did not comply with the FCRA, FCBA and so on***.

      If this court requires, agrees or directs, Plaintiff will file an Amendment Complaint specifically adding and specifically identifying Defendant Capital One as the furnisher who did not follow consumer protections strict liability standards of the FCRA or FCBA with line by line detail to meet their FRCP 8(a)(2) request.

      Defendant states Plaintiff must allege that an inaccuracy existed in his credit report. Plaintiff will be happy to do so with the reports of June 12, 2022 with the two accounts in my file, neither state the accounts are "disputed by consumer" as required, due to the dispute letter of April 30, 2022 sent certified mail (one states **nothing** and the other states "**charged off and account closed by credit grantor**"). (Plaintiff complaint para 32 and 33). Whether debt collector or furnisher, both have a known duty and obligation to accurately report, and Defendant did not.

      **IN CLOSING**

      Plaintiff believes that this Motion is not proper nor ripe at this stage . . . but to be safe Plaintiff's position is:

Page 5

   Under Rule 15, leave to amend should be freely given absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff understands -The general rule that parties be allowed to amend does not extend to situations where amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). As with Rule 12(b)6 motions, it is immaterial whether the court believes the plaintiff will succeed at trial. Wager v. Pro (DC Cir. 1976) 575 F2d 882, 884. **Since these claims are black letter law and consumer protection with strict liability statute, Plaintiff would support recovery.**

   Although Rule 12(c) does not mention leave to amend, courts have discretion to grant a Rule 12(c) motion with leave to amend (and frequently do so where the motion is based on a pleading technicality). Lonberg v. City of Riverside (CD CA 2004) 300 F.Supp.2d 942, 945 finding Rule 12(c) motion is "is functionally identical to a Rule 12(b)6 motion).

   Plaintiff believes he has met his pleading FRCP 8(a) *et seq.* standard. To identify Defendant as 'furnisher' is equal to identify them as Capital One.

Dated: February 21, 2023       Respectfully

                /s/ Jesus Cerda_____
                Plaintiff *Pro Se*

## CERTIFICATE OF SERVICE

      I certify that on February 21, 2023, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: February 21 2023

                              /s/ Jesus Cerda

                              Jesus Cerda, Plaintiff in Pro Per