1  Jesus Rogelio Cerda
2  2528 Pomo Trial
   Santa Rosa, CA 95403
3  707-237-4855 cell
   jessiecerda1985@gmail.com
4  *Plaintiff pro se*

5

6

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11 | Jesus Rogelio Cerda, | )CASE NO:  22-cv-05188-TLT |
12 |                      | )Hon. Trina L. Thompson, Courtroom 9 |
   |       Plaintiff,     | ) |
13 |                      | )**PLAINTIFF OPPOSITION TO** |
   |       vs.            | )**DEFENDANT COMENITY BANK** |
14 |                      | )**MOTION TO DISMISS DOC 52** |
15 | ALLY FINANCIAL, *et al* | )DATE: June 13, 2023 |
   |                      | )TIME:   2:00 pm |
16 |       Defendants.    | )PLACE: Courtroom 9, 19 fl, 450 Golden Gate |
17 |                      |  Avenue, San Francisco, CA 94102 |

18
   Please take notice at the above date, time and location of the United States District Court will
19
   and hereby does move the Court for an Order denying Defendants Motion to Dismiss, or in the
20
   alternative, leave of court to file a First Amended Complaint (FAC).
21

22

23
   Dated: 3-7-23                              Respectfully submitted
24
                                              /s/ Jesus Cerda
25

26                                            _____

27                                            JESUS CERDA, Plaintiff *Pro Se*

28

Page 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## Introduction

Plaintiff has filed prima facie complaint with short simple plain statement of facts by Fed.Civ.R. 8a and stated the relief requested.

But Plaintiff has erred in his preparation of his complaint and did omit by error or inadvertence Defendant COMENITY BANK, as specifically outlined as a Defendant (other than on Pleading Heading). Strictly as a typing technicality, an ERRATA which is correctable by amendment. Plaintiff recognizes his error, apologizes to the Court and specifically to the Defendant Comenity Bank. Defendant COMENITY BANK is not harmed nor prejudiced by Plaintiff's typing technicality.

Defendant Comenity Bank also states it was erroneously sued as Comenity Bank Express, and that is because that is how Defendant Comenity Bank represented itself and reported on my three Credit Reports to the CRA's. Plaintiff will also correct this in a FAC.

The Defendant Comenity Bank has filed a Motion to Dismiss Fed.Civ.R.12(b)(6) filed as Doc 52. Plaintiff admits he erred in preparation of his complaint and believes it is correctable to meet the Twombly/Iqbal "plausibility" standard by amending his pleading in a Second Amended Complaint (SAC) specifically listing Defendant COMENITY BANK as a "party" and to specifically itemize COMENITY BANK when Plaintiff lists "furnishers".  Plaintiff apologizes to the Court and Defendant COMENITY BANK for this error and requests leave of court to correct this error and file a FAC correcting the pleading defects.

## II.

## Standard for Dismissal under FRCP 12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997)* (citation omitted). The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] Complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson, 355 U.S. 41, 45-46 (1957)*; *Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)* .

The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief in the First Amended Complaint. See Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). **In Plaintiffs current complaint he does lack formal sufficiency of the statement of the claim for relief in that he erred by ERRATA in not listing Defendant COMENITY BANK specifically as a defendant in the Parties section and when referenced as "furnishers". This is correctable by amendment without harm or error and prejudice to Defendant Comenity Bank.**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## III.

## ARGUMENT

**IN CLOSING**

Under Rule 15, leave to amend should be freely given absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff understands -The general rule that parties be allowed to amend does not extend to situations where amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). In our case sub judis, Plaintiff requests leave of Court to file an FAC to correct the errors by not listing **Defendant COMENITY BANK specifically as a defendant in the Parties section and when referenced as "furnishers".**

Defendant Comenity Bank also states it was erroneously sued as Comenity Bank Express, and that is because that is how Defendant Comenity Bank represented itself and reported on my three Credit Reports to the CRA's. Plaintiff will also correct this in a FAC.

Plaintiff believes if allowed to file a FAC and correct his non technical typing errors in inserting Defendant Comenity Bank as a Party and specifically as a "furnisher", he will have met his pleading FRCP 8(a) *et seq.* and Twombly/Iqbal "plausibility" standard.

Dated: March 7, 2023                                             Respectfully


                     /s/ Jesus Cerda_____
                     Plaintiff *Pro Se*

## CERTIFICATE OF SERVICE

I certify that on March 7, 2023, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: March 7, 2023

/s/ Jesus Cerda
_____
Jesus Cerda, Plaintiff in Pro Per