NOKES & QUINN, APC
Thomas P. Quinn, Jr.  (SBN 132268)
tquinn@nokesquinn.com
410 Broadway, Suite 200
Laguna Beach, California 92651
Telephone:      (949) 376-3500
Facsimile:       (949) 376-3070

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ROGELIO CERDA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLY FINANCIAL, et al.,<br><br>    Defendants. | Case No. 3:22-cv-05188-TLT<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Trina L. Thompson<br>Hearing: April 25, 2023 2:00 p.m<br>Courtroom 9, 19th Floor |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the motion of Equifax Information Services LLC ("Equifax") to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) is set for hearing on Tuesday, April 25, 2023, at 2:00 p.m. or soon thereafter as the matter may be heard in courtroom 9 of the above entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102. Equifax's Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such further argument and evidence as may be presented at the hearing of the motion.

| | |
|---|---|
| DATED: March 9, 2023 | Respectfully submitted, |
| | NOKES & QUINN, APC |
| | |
| | By: */s/ Thomas P. Quinn, Jr.* |
| | *Thomas P. Quinn, Jr.* |
| | *Counsel for Defendant* |
| | *Equifax Information Services LLC* |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff filed his Complaint on September 12, 2022. (Doc. 1.) On September 23, 2022, he obtained a Summons directed to Equifax from the Clerk, but bearing an incorrect address for Equifax, despite Equifax's correct address being a publicly available piece of information, easily accessible online. (*See* Doc. 3 (Summons), at 3; Doc. 56-1 (Declaration of Celestina Gobin), at ¶¶ 2-6 & Ex. A.)

On November 2, 2022, Plaintiff filed a purported Certificate of Service, claiming to have served Equifax by Certified Mail on October 31, 2022. (Doc. 9, at 29-30.) This claim was false, as demonstrated by the U.S. Postal Service tracking number, which indicates that, on November 2, 2022 the Summons was still in the possession of the U.S. Postal Service, and which further indicates that, on November 3, 2023, delivery failed because "Addressee Unknown"—the Summons was not served on Equifax. (Doc. 56-1, at ¶¶ 7-8 & Ex. B.) Plaintiff had constructive knowledge that Equifax had not been served, as he could have checked the tracking number in his possession at any time.

Despite having constructive knowledge for four months that Equifax had not been served, on March 3, 2023 Plaintiff requested entry of a Default Judgment against Equifax. (Doc. 48.) Equifax, made aware of this lawsuit and Plaintiff's request for a Default Judgment, filed an Opposition. (Doc. 56.) On March 8, 2023, the Clerk entered a Declination of Default as to Equifax, finding that "Service of summons was not made on agent of service." (Doc. 58.) This motion followed.

## STANDARD

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a civil action is subject to dismissal for "insufficient service of process," respectively. Fed. R. Civ. P. 12(b)(5). A motion under Rule 12(b)(5) challenges "the method of service." *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F.Supp.2d 1049, 1052 (N.D. Cal. 2001). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. *See Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal.) (quoting *United States v. Hafner*, 421 F.Supp.2d 1220, 1223 n. 3 (D.N.D.)).

Under Rule 4(m) of the Federal Rules of Civil Procedure, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for

service for an appropriate period." Fed. R. Civ. P. 4(m). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992); *see also Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) (plaintiff's ignorance of Rule 4 is not good cause). Similarly, the fact that a plaintiff is pro se does not in itself constitute "good cause" for his or her failure to effect service within the Rule 4(m) deadline. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

## ARGUMENT

Plaintiff has not effected service on Equifax and, therefore, his Complaint is subject to dismissal under Rule 12(b)(5). See Wasson, 237 F.R.D. at 424 ("Similarly, nonparty School District's motion should be granted under Rule 12(b)(5) since plaintiffs never served a proper summons and complaint on School District[.]"). Indeed, without a properly served Summons, it appears that this Court lacks jurisdiction over Equifax. *Id.* ("Thus, plaintiffs have not properly served process on nonparty School District, and this Court has no jurisdiction over School District.") (citing *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.").

Further, Plaintiff's time for serving Equifax under Rule 4(m) has long since expired. Pursuant to Rule 4(m), Plaintiff had 90 days from the date he filed his Complaint, or until December 11, 2022, to serve Equifax. He failed to do so. Nor can he show good cause for his failure. Even if he believed Equifax to have an office location at 211 Perimeter Center Pkwy #300, Atlanta, GA 30346, "inadvertent error" does not constitute good cause. *Hamilton*, 981 F.2d at 1065.

But Plaintiff's failure is worse than "inadvertent error." Plaintiff, in possession of the Certified Mail tracking number for his purported service, was fully capable of confirming that the U.S. Postal Service had not delivered his Certified Mail and had notated, since November 3, 2023, a reason of "Addressee Unknown." He either failed to confirm that his Certified Mail had been delivered or ignored the U.S. Postal Service's notation that delivery had failed by reason of "Addressee Unknown."

This Court has discretion to grant Plaintiff an extension of Rule 4(m)'s time for service, but not limitless discretion. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007) ("[N]o court has ruled that the discretion is limitless.") "In making a decision to grant an extension without good cause, the Court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Loomis v. U.S. Bank Home Mortg.*, 912 F.Supp.2d 848, 853 (D. Ariz. 2012) (citations and quotations omitted).

Here, eventual service has not yet occurred and, moreover, the length of Plaintiff's delay is more than *de minimis*. *Cf. Loomis*, 912 F.Supp.2d at 853 (denying Rule 4(m) motion where defendant "acknowledges receiving service only a few weeks beyond the 120 day limit"). But more important to the Court's decision whether to exercise or decline to exercise its discretion is this: Plaintiff, fully capable of determining that service had not been effected, filed a request for entry of a Default Judgment against Equifax based on the representation that service had been effected. (*See* Doc. 48 (Request to Enter Default Against Equifax), at 1 ("Plaintiff served the complaint on defendant EQUIFAX on October 31, 2022, evidenced by the proof of service of summons on file with this Court.")).

Whether Plaintiff's Certificate of Service was filed with constructive knowledge that Equifax had not been served is uncertain—the Certificate of Service (Doc. 9) was filed on November 2, 2022, one day before the U.S. Postal Service's notation of "Addressee Unknown." But, by March 3, 2023 when Plaintiff requested entry of a Default Judgment against Equifax, he had been constructively in possession of the U.S. Postal Service's notation for four months. He either could have checked his Certified Mail tracking number at any time during those four months, but did not do so, or he did check the tracking number and ignored the notation.

Whether done knowingly or recklessly, such conduct should not be condoned by the Court. *Cf. Lemoge v. United States*, 587 F.3d 1118, 1191 & 1197 (9th Cir. 2009) (reversing district court's denial of Rule 60(b) motion to overturn Rule 4(m) dismissal where "[d]uring the time in which the Lemoges were to have served the summons and complaint, Caruana suffered medical complications, … underwent three surgeries, skin grafts, extensive therapy, and a full regimen of medications … and therefore did not timely serve the summons and complaint" and, therefore, "there [was] no evidence that [Caruana] acted with anything less than good faith[.]").

## CONCLUSION

For the reasons stated here, Equifax respectfully requests the Court grant its Motion, dismiss Plaintiff's Complaint, and grant all other relief as the Court deems proper.

DATED: March 9, 2023

Respectfully submitted,

NOKES & QUINN, APC

By: */s/ Thomas P. Quinn, Jr.*
*Thomas P. Quinn, Jr.*
*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2023, I presented the foregoing NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A service copy has also been placed in U.S. Mail to the address below:

Jesus Rogelio Cerda
2528 Pomo Trial
Santa Rosa, CA 95403
*Plaintiff pro se*

/s/ Thomas P. Quinn, Jr.
Thomas P. Quinn, Jr.
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

92928066v.1