TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LEANNE C. YU (SBN 290698)
lyu@snllp.com
SIMMONDS & NARITA LLP
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Comenity Bank, erroneously sued as Comenity Bank Express

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CERDA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ALLY FINANCIAL, et al.<br><br>　　　　　　　Defendants. | Case No.: 3:22-cv-5188-TLT<br><br>**DEFENDANT COMENITY BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:　June 13, 2023<br>Time:　2:00 p.m.<br>Ctrm:　9, 19th Floor<br><br>The Honorable Trina L Thompson |

## I.   INTRODUCTION

Plaintiff Jesus Cerda ("Plaintiff") concedes that he did <u>not</u> allege any facts to state a valid claim for relief against Comenity Bank, erroneously sued as Comenity Bank Express ("Comenity"). Thus, it is undisputed that Comenity's motion to dismiss should be granted. Plaintiff claims he can amend the complaint, but his proposed amendment is also insufficient to cure the defects in his pleading. Given this, the Court should grant Comenity's Motion to Dismiss, without leave to amend.

## II.   ARGUMENT

### A.   Plaintiff Concedes that His Complaint Fails to State a Valid Claim for Relief Against Comenity

In his Opposition, Plaintiff concedes that he has not alleged facts supporting a valid claim against Comenity. Specifically, he states, "Plaintiffs [*sic*] current complaint he **does lack** formal sufficiency of the statement of the claim for relief. . . ." Opposition, Dkt. No. 54 at 3:15-18. Given this, the Court should grant Defendant Comenity Bank's Motion to Dismiss. *See Nevarez v. Forty Niners Football Co.*, LLC, No. 16-CV-07013-LHK, 2017 U.S. Dist. LEXIS 121030, at *31 (N.D. Cal. Aug. 1, 2017) (dismissing claim where plaintiff concedes that the pleading does not contain the necessary factual allegations to support the claim); *Denison v. Citifinancial Servicing LLC*, No. 16-00432, 2016 U.S. Dist. LEXIS 57558, at *3 (N.D. Cal. Apr. 29, 2016) (granting motion to dismiss; plaintiff "basically concedes as much" that the pleading "contains no specific allegations about how defendant allegedly went about violating the law in our specific case.").

### B.   Dismissal Should Be Without Leave To Amend, As Plaintiff Fails to Show that He Could Amend to State a Viable Claim Against Comenity

Plaintiff requested leave to amend his Complaint so that he could add Comenity's name to his allegations regarding "DEFENDANT FURNISHERS."[2] Opposition, Dkt. No. 54 at p. 2

---

[2] His complaint identifies "DEFENDANTS FURNISHERS" as the following defendants: Ally Financial, Capital One Bank USA NA, Credit One Bank NA, "Discovery Bin [*sic*] SVCS

(requesting leave to "specifically listing Defendant COMENITY BANK as a 'party' and to specifically itemize COMENITY BANK when Plaintiff lists 'furnishers.'"). His proposal for amendment, however, would be futile and therefore should be denied. Even if Comenity is listed as one of the "DEFENDANT FURNISHERS," as suggested by Plaintiff, simply lumping multiple "Defendants" together, without specifying which defendant committed which act, is not sufficient to satisfy Rule 8. His proposed amendment is insufficient to overcome the defects in his Complaint.

A complaint must allege facts that are <u>linked</u> to <u>each</u> individual defendant and which support each specific cause of action as to each defendant. *See Marin v. Eidgahy*, No. 10-1906, 2011 U.S. Dist. LEXIS 64603, at *13 (S.D. Cal. June 17, 2011) ("Plaintiff should not refer to them as a group (e.g. 'the Defendants'); rather, he should identify each involved person by name, and link each of them to the claim(s) by explaining what each Defendant did or failed to do that caused a violation of the particular [] right at issue.") (citation omitted). As the Ninth Circuit has observed, under Rule 8, "requiring each averment of a pleading to be 'simple, concise, and direct' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citations omitted). "If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose [of Rule 8] is defeated." *Id.* at 1178.

A complaint, like the one that Plaintiff proposes to file against Comenity, that lumps all defendants together without differentiating factual allegations that tie to individual defendants "impose[s] unfair burdens on litigants and judges," and should be dismissed. *Id.* at 1179; *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("unnecessary prolixity in a pleading

---

LLC," ISAC, Macys/DSNB, SYNBC/CARE CREDIT, Ability Recovery Services, Convergent Outsourcing, Jefferson Capital System, and AES/Suntrust Bank, ILL Student Asst. Co. Complaint, ¶¶ 4-16.

places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage") (citation omitted).

Here, even if Plaintiff were granted leave to amend as he requests, the amended pleading would fail to allege any specific act or omission by Comenity that would support his claims. The amended pleading would present all his factual allegations in conclusory fashion, and always as to all thirteen "DEFENDANT FURNISHERS." This alone is sufficient to dismiss his complaint. *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of complaint naming five defendants and John and Jane Doe defendants for "failing to identify which defendants were alleged to be responsible for which alleged violations" and "providing no factual basis to distinguish their conduct"); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (affirming dismissal of claims against group of "Defendants," which included any of the ten named defendants or John and Joe Doe defendants, for failure to adhere to notice pleading standards); *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("[a] complaint based on a theory of collective responsibility must be dismissed").

District courts within the Ninth Circuit, including this Court, have repeatedly dismissed complaints that improperly lump all defendants together without differentiating who allegedly did what. *See, e.g.*, *Perez v. Ocwen Loan Serv., LLC*, No. 10-1403, 2011 U.S. Dist. LEXIS 73769, at *5 (S.D. Cal. Jul. 8, 2011) (Plaintiff failed to "state a claim to relief that is plausible on its face" where he did not ascribe the alleged breach of contract to an individual defendant, instead asserting allegations against multiple defendants) (citing *Twombly*, 550 U.S. at 570); *In re iPhone Application Litig.*, No. 11-02250, 2011 U.S. Dist. LEXIS 106865, at **26-27 (N.D. Cal. Sept. 20, 2011) ("By lumping all [defendants] together, Plaintiffs have not stated sufficient facts to state a claim for relief that is plausible against one Defendant . . . . Plaintiffs' failure to allege what role each Defendant played in the alleged harm makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations"); *Mustafanos v. Nevada*, No. 16-00254, 2017 U.S. Dist. LEXIS 36261, at **7-8 (D. Nev. Mar. 13, 2017) (dismissing action where "the Complaint fails to identify which claims are asserted against

1  which Defendants" and " . . . Plaintiffs often lump Defendants as a group under the specific
2  claims for relief.").[3]
3       Moreover, Plaintiff's FDCPA claims (Count I and Count II) does not apply here because
4  "Comenity is a creditor, not a debt collector, and the FDCPA applies only to debt collectors not
5  a debt collector." *Pearsall v. Comenity Bank/Caesars*, No. 21-3909, 2021 U.S. Dist. LEXIS
6  209799, at *10 (E.D. Pa. Nov. 1, 2021) (granting motion to dismiss FDCPA claim); *see also*
7  *Smith v. Capital One Fin. Corp.*, No. 11-3425, 2012 U.S. Dist. LEXIS 66445, at *7 (N.D. Cal.
8  May 11, 2012) (same; "a company that extends a consumer credit line (e.g., a credit card
9  company) is in the business of extending credit, not the business of collecting debts."); *Lee v. JP*
10 *Morgan Chase Bank*, N.A., No. 22-01447, 2023 U.S. Dist. LEXIS 20807, at *5 (C.D. Cal. Feb.
11 7, 2023) (dismissing FDCPA claim against bank: "Because any debts Defendant has allegedly
12 attempted to collect are debts owed to it, Defendant is not a 'debt collector' within the meaning
13 of FDCPA."); *Khan v. Card*, No. 18-02396, 2018 U.S. Dist. LEXIS 238104, at *3 (C.D. Cal.
14 Aug. 1, 2018) ("a company that attempts to collect debts for its own accounts is not a 'debt
15 collector' under the FDCPA"). Thus, dismissal with prejudice is proper as to the FDCPA claims.
16      In addition, Plaintiff's FRCA claim under 15 U.S.C. §1681i(a) (Count IV) also fails.
17 "Neither Section 1681e(b) nor Section 1681i(a) provides a private right of action to plaintiff."
18 *Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 374 (S.D.N.Y. 2010); *see also Finley v.*
19 *Capital One*, No. 16-01392, 2017 U.S. Dist. LEXIS 57645, n.2 (N.D. Cal. Apr. 14, 2017) ("15
20 U.S.C. § 1681s-2(b) is the FCRA's only section that allows for a private right of action against
21 furnishers."). For this additional reason, Count IV should also be dismissed with prejudice.
22 //

---

[3] Courts in other Circuits are in accord. *See, e.g.*, *VanZandt v. Oklahoma Dep't of Human Servs.*, 276 Fed. Appx. 843, 849 (10th Cir. 2008) (use of collective term "defendants" does not satisfy Twombly pleading standard) (citations omitted); *Atuahene*, 10 Fed. Appx. at 4 (affirming dismissal where "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants'").

### III. CONCLUSION

For the foregoing reasons, Comenity respectfully requests that the Court issue an Order dismissing the Complaint.  The action should be dismissed with prejudice.

DATED: March 24, 2023				SIMMONDS & NARITA LLP
							TOMIO B. NARITA
							LEANNE C. YU

						By:	/s/ Leanne C. Yu
							Leanne C. Yu
							Attorneys for Defendant
							Comenity Bank, erroneously sued as Comenity Bank Express