Jesus Cerda
2528 Pomo Trl
Santa Rosa, CA 95403
707-237-4855
jessiecerda1985@gmail.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Cerda,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALLY FINANCIAL *et al*<br>CAPITAL ONE BANK USA NA<br>DISCOVER BANK<br>TRANSUNION<br><br>    Defendants. | CASE NO: 22-cv-05188-TLT<br>Hon. Trina L. Thompson<br><br>**FIRST AMENDED COMPLAINT (FAC)<br>FOR DAMAGES**<br><br>VIOLATION OF 15 USC 1692 *et seq.* FDCPA;<br>VIOLATION OF 15 USC 1681 *et seq.* FCRA;<br>VIOLATION OF CALIFORNIA<br>ROSENTHAL FAIR DEBT COLLECTION<br>PRACTICES ACT CC 1788 *et seq*.<br><br>DEMAND FOR TRIAL BY JURY |

## COMPLAINT

Plaintiff, Jesus Cerda, individually hereby sues Defendants for violations of the FDCPA 15 USC §1692, violations of the FCRA 15 USC §1681, and the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788. Plaintiff contends that the Defendants have violated Plaintiffs consumer protections and such laws by parking or squatting in his credit report(s) repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent consumer debt.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

2. Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

**PARTIES**

3. Plaintiff, Jesus Cerda, ("CUPP") is a natural person and is a resident of Sonoma County, California.

4. Upon information and belief Defendant CAPITAL ONE BANK USA NA, PO Box 31293, Salt Lake City, UT 84131, is being sued as a corporate person.

5. Upon information and belief Defendant DISCOVER BIN SVCS LLC, ada DISCOVER BANK, PO Box 15316, Wilmington, DE 19850, is being sued as a corporate person.

6. Upon information and belief the above Defendants are Credit Furnishers hereinafter DEFENDANT FURNISHERS, and submit and report data to the below three Defendants, hereinafter Credit Reporting Agencies, known as CRA's. "consumer reporting agency," as defined in 15 USC § 1681(f).I

7. TransUnion, (hereinafter TRANSUNION) a Credit Reporting Agency (CRA) at 2 Baldwin Place, P.O. Box 2000, Chester, PA 19022, being sued in its corporate capacity.

8. Upon information and belief, Credit furnishers and reporting agencies are regularly engaged in the business of assembling, evaluating, and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, Credit furnishers disburses such consumer reports to third parties under contract for monetary compensation.

**10.** Defendants are debt collectors, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6) (''FDCPA''). **_Even if you are a creditor, reporting a debt by a creditor to a CRA is an attempt to collect a debt._**

11. Defendants are entities which collects debts, bringing it within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 (''CFDCPA'').

## FACTUAL ALLEGATIONS

12. Plaintiff is a consumer per 15 U.S.C. §1692a(3) & 15 U.S.C. §1681a(c).

13. Defendants are debt collectors per 15 U.S.C. §1692a(6).

14. Defendants CAPITAL ONE and DISCOVER BANK are 'Furnishers' (hereinafter FURNISHERS) and as such Debt Collectors when furnishing or reporting to a Credit Reporting Agency (CRA).

15. Reg. F § 1006.30(a) requires Debt Collectors to take certain steps to attempt to contact the consumer **_before_** furnishing information to CRAs. Neither Defendant FURNISHERS complied with this precondition to credit reporting.

16. TransUnion, is a consumer reporting agencie (CRA) defined by 15 U.S.C. §1681a(f).

17. "Furnishes" are sources that provide credit information to credit reporting agencies. Gorman v. Wolpoff & Abramson, LLP, 584 F.3 1147, 1153 (9th Cir 2009). Under FCRA, "furnishers" have the duty to investigate and/or correct inaccurate information, and an individual may bring a private cause of action to sue a furnisher for its failure to fulfill those

duties. 15 U.S.C 1681s-2(b) <u>Nelson v. Chase Manhattan Mort. Corp.</u>, 282 F.3D 1057, 1060 (9th Cir. 2002).

18. Plaintiff discovered around May 2021 that DEFENDANT FURNISHERS had been reporting false, incorrect, and inaccurate information to the Defendant CRA's.

19. On information and belief DEFENDANT FURNISHERS have 'parked' or 'squatted' on Plaintiff's Credit Reports in violation of Regulation F § 1006.30(a).

20. On April 30, 2022 Plaintiff filed a Notice of Dispute via certified mail with the DEFENDANT FURNISHERS, (CAPITAL ONE CERTIFIED MAIL 7020 3160 0001 0360 1543 for both accounts 400344XXXXXX, and 517805XXXXXX – DISCOVER BANK CERTIFIED MAIL 7020 3160 0001 0360 1574) requesting validation and verification per 15 U.S.C 1692g of purported consumer debt. DEFENDANT FURNISHERS have never responded. **This specifically identifies each individual Defendant FURNISHER as requested by the Court.** (this now meets Rule 8(a)(2).

21. On June 12, 2022 Plaintiff pulled a copy of his credit reports showing no corrections to inaccurate data being reported by DEFENDANT FURNISHERS and Defendant CRA's, **also showing no notice of disputes**. This is the predicate violation of both FURNISHERS in not reporting the debt was disputed in the Credit Reporting Agencies. **This specifically identifies each damage, by FURNISHER, or inaccurate information reported as requested by the Court.** (this now meets Rule 8(a)(2).

22. On June 12, 2022 Plaintiff filed a dispute with the Defendant TRANSUNION CRA, via certified mail, requesting they provide a description of the investigation procedure for all items, to provide Plaintiff with the source of information for all items, to send Plaintiff all information in Plaintiffs consumer **FILE**, to send Plaintiff an updated copy of Plaintiffs credit

1  report, after these dispute adjustments, send Plaintiff a copy of the **ACDV** forms sent to the

2  furnishers and the return forms, **AUDs**, received back by you. (TRANSUNION CERTIFIED

3  7021 2720 0002 1195 7394). (this now meets Rule 8(a)(2).

4      23.    Defendant CRA TRANSUNION has a duty to respond as requested and the CRA

5  never responded to any of the above requirements.

6

7      24.    The DEFENDANT FURNISHERS, have a duty and obligation to accurately

8  furnish data and information to the Defendant reporting agencies (CRA) EXPERIAN,

9  EQUIFAX, AND TRANSUNION. DEFENDANT FURNISHERS have a duty to ensure they

10  are properly furnishing accurate data and information and to comply with the Consumer

11  Protection Laws.

12

13      25.    The DEFENDANT FURNISHERS CAPITAL ONE and DISCOVER BANK,

14  and TRANSUNION have a duty and obligation to report accurately the data and information

15  they share with their clients and the public.

16

17      26.    In this case, The Defendant TRANSUNION, by and through the

18  DEFENDANT FURNISHERS CAPITAL ONE and DISCOVER BANK **have** continually

19  reported incorrect and inconsistent data to include, but not limited to: *date account opened,*

20  *amount owed, amount past due, account status, payment status, amount past due, monthly*

21  *payment, and seven year payment history*, (because they never responded or corrected the

22  information per my dispute letter), **and that the debt(s) are disputed.** (this now meets Rule

23  8(a)(2).

24

25      27.    On August 23, 2022 Plaintiff again pulled a copy of his credit reports showing

26  no corrections to inaccurate and disputed data being reported by DEFENDANT

27  FURNISHERS (CAPITAL ONE and DISCOVER BANK) and Defendant CRA

28  (TRANSUNION), also **<u>showing no notice of disputes.</u>** (this now meets Rule 8(a)(2).

FIRST AMENDED COMPLAINT (FAC) FOR DAMAGES               Page 5

28. Again, not once did defendant TRANSUNION show in their reports that any of the debts were disputed. (this now meets Rule 8(a)(2).

29. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to: Delayed purchasing of an automobile; Delayed in establishing his own residence; Monies lost by attempting to fix his credit; Loss of time.

30. All conditions precedent to the filing of this action have occurred.

31. Plaintiff has standing pursuant to Article III of the United States Constitution because he has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants' actions described herein, and Plaintiff's injury in fact is likely to be redressed by a favorable judicial decision in this court.

32. Plaintiffs' injury is in fact both particular and concrete because he has suffered an invasion of a legally protected interest that is concrete because, particularized and actual or imminent. By way of example, Plaintiff has spent a tremendous amount of time and energy to research Defendants, the FDCPA, the FCRA has incurred time and expenses to fix the errors on his consumer reports. <u>Defendants acted with the willful and malicious intent to injure and cause harm to Plaintiff.</u>

33. Upon information and belief, as cited in the Supreme Court Decision, "The irreducible constitutional minimum of standing consists of three elements: injury in fact, causation and redressability. (See <u>Lujan v. Defendants of Wildlife,</u> 504 U.S. 555, 560-1, 112 S. Ct 2130, 119 L.Ed.2d 351 (1992)).

34. Plaintiff is within the statute of limitations pursuant to the FDCPA 1692k(a) and FCRA 1681p, as Plaintiff first discovered the conduct by Defendants in 2021, and Defendants actions and damages are continuing to this day, even as to the filing of this Complaint, Defendants continue to "incorrectly misreport and misrepresent" inaccurate information to the

public and damage Plaintiff and thus Plaintiff's claims are not time-barred.  Defendants' actions were willful and reckless disregard of the FCRA. Defendants had ample opportunity to rectify.

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2), (5), (8) and (10) BY DEFENDANTS CAPITAL ONE AND DISCOVER BANK

35. Plaintiff alleges and incorporates the information in all previous paragraphs.

36. Plaintiff is a consumer per 15 U.S.C. §1692a(3).

37. Reporting to the CRA's is an initial communication.

38. Reporting to the CRA's is an attempt to collect a debt. 15 U.S.C. §1692g(b).

39. Defendants are debt collectors per 15 U.S.C. §1692a(6).

40. Defendants continued to attempt to collect an unknown consumer debt, even after demand for validation per 15 U.S.C. §1692g. (reporting to a credit bureau is "collection activity" that must cease until § 1692g(b) verification is provided).

41. Defendants continued to report this debt on Plaintiffs credit report to all three CRA's, not showing the debt was disputed per 15 U.S.C. §1692g. (this now meets Rule 8(a)(2).

42. Defendants violated 15 U.S.C. §1692e(2) The false representation of – (A) the character, amount, or legal status of any debt.

43. Defendants violated 15 U.S.C. §1692e(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

44. Defendants violated 15 U.S.C. §1692e(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

45. Defendants violated 15 U.S.C. §1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46. Defendants violated 15 U.S.C. §1692e(11) The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against all defendants, jointly and severally; for the following:
A. Statutory damages pursuant to 15 U.S.C. §1692k; $1,000 for each Defendant;
B. General/Actual damages to be determined at trial;
C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;
D. For such other and further relief as the court may deem just and proper.

## COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692g(a) BY DEFENDANTS CAPITAL ONE AND DISCOVER BANK

47. Plaintiff alleges and incorporates the information in all previous paragraphs.

48. Plaintiff is a consumer per 15 U.S.C. §1692a(3).

49. Reporting to the CRA's is an initial communication.

50. Reporting to the CRA's is an attempt to collect a debt. 15 U.S.C. §1692g(b).

51. Filing a notice of dispute per 15 USC §1692g(b) puts a duty and obligation for a creditor or debt collector to stop any further attempts to collect debt until such debt is validated.

52. Reporting to the CRA's invokes duty and obligation under 15 U.S.C. §1692g(a), to contact the consumer within five days with a written notice giving the consumer a chance to dispute the debt under 15 U.S.C. §1692g(b).

53. Not once did the reporting by CRA's inform the public the debt is disputed.

54. Neither Defendant performed their known duty and obligation to contact Plaintiff.

55. Defendants violated 15 U.S.C. §1692e(11) The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against all defendants, jointly and severally; for the following:
A. Statutory damages pursuant to 15 U.S.C. §1692k; $1,000 for each Defendant;
B. General/Actual damages to be determined at trial;
C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;
D. For such other and further relief as the court may deem just and proper.

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681s-2(b) BY ALL DEFENDANTS.

56. Plaintiff alleges and incorporates the information in all previous paragraphs.

57. Plaintiff is a consumer per 15 U.S.C. §1681a(c).

58. Defendant **TRANSUNION** is a "Credit Reporting Agency" or CRA's per 15 U.S.C. §1681a(f).

59. DEFENDANT FURNISHERS are entities who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher" as codified at 15 U.S.C. § 1681s-2.

60. DEFENDANT FURNISHERS published false and inaccurate information about Plaintiff owing a debt, ***and not that it is disputed,*** to Experian, Equifax and TransUnion and through Experian, Equifax and TransUnion to Plaintiff's potential lenders and the world at large.

61. DEFENDANT FURNISHERS violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the alleged debt owed; by failing to review all relevant information regarding same; by failing to accurately respond to Experian, Equifax and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the DEFENDANT FURNISHERS representations to the consumer reporting agencies.

62. DEFENDANT FURNISHERS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian, Equifax and TransUnion after DEFENDANT FURNISHERS had been notified of the dispute and that the information was inaccurate.

63. DEFENDANT FURNISHERS did not have any reasonable basis to believe that Plaintiff was responsible for the debt allegedly owed. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party or there was error or inaccurate reporting. DEFENDANT FURNISHERS knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if DEFENDANT FURNISHERS would attempt to plead ignorance, it had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

64. As a result of DEFENDANT FURNISHERS conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff has also been delayed in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting by DEFENDANT FURNISHERS.

65. Section 623(b)(1)(A) of the FCRA makes it unlawful for a furnisher of information to a Consumer reporting agency, upon receiving a notice of a Consumer dispute from the Consumer reporting agency, not to conduct a reasonable investigation of the disputed information. 15 U.S.C 1681s-2(b)" (See <u>CFPB v Encore Capital Group, Inc., et al</u>., CFPB File N. 2015-CFPB-022 at 124).

66. The Consumer Data Industry Association ("CDIA") is a trade association that represents major institutions including CRAs, and provides Metro 2 regulatory compliance

training workshops, and guidance for data furnishers. The CDIA issues occasional memos for CRAs.

67. Defendants **(CAPITAL ONE, DISCOVER BANK, and CRA TRANSUNION)** knew (or should have known), pursuant to the FCRA, Sec 623(b)(1)(E), [15 U.S.C 1681s-2(b)(1)(E)], with subsequent "NOTICE OF DISPUTE" sent to the CRAs, "if an item of information disputed by a consumer is found to be **inaccurate or incomplete or cannot be verified** after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency, only as appropriate, based on the result of the investigation promptly—

   i. Modify the item of information;
   ii. Delete that item of information; or
   iii. Permanently block the reporting of that item of information

68. Defendant CRA TRANSUNION thru its own receipt of Notice of Dispute sent from Plaintiff CERTIFIED MAIL 7021 2720 0002 1195 7394, knew the debts were disputed and NOT REPORTED AS DISPUTED by FURNISHERS CAPITAL ONE and DISCOVER BANK.

69. Defendants knew (or should have known) to "review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [1681i]."

70. DEFENDANT FURNISHERS are a "credit furnisher" within the meaning of the 15 U.S.C.§1681s-2. 15 USC§1681s-2(a) **prohibits furnishers from reporting inaccurate or erroneous information about consumers**. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs' consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a(d).

71. The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency CRA notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy.

72. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:
   a. to conduct "an investigation" with respect to the disputed information;
   b. to "review all relevant information" provided by the credit reporting agency;
   c. to "report the results of its investigation" back to the credit reporting agency;
   d. if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and
   e. to "modify, . . .delete. . .or. . .permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

73. In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does *not* trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation <u>under the FCRA</u> to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. **<u>Such a dispute, it should be noted, does create a legal obligation under §1692g of the FDCPA which Plaintiff served upon defendants.</u>**

74. Plaintiff notified DEFENDANT FURNISHERS CAPITAL ONE and DISCOVER BANK, and Defendant CRA TRANSUNION of its dispute by writing, and

defendants furnishers, EXPERIAN, TRANSUNION, EQUIFAX also received notice from the three major credit reporting agencies between themselves (they have a sharing agreement) and failed to correct or delete information found to be inaccurate and erroneous, between this sharing agreement, and or failed to properly investigate Plaintiff's disputes.

75. This imposed a heightened duty and obligation for the furnisher to reinvestigate. Plaintiff alleges that at all relevant times DEFENDANT FURNISHERS failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b). Plaintiff alleges that DEFENDANT FURNISHERS failed to conduct a proper and lawful reinvestigation.

76. Plaintiff was denied credit from information contained in the CRA reports. All actions taken by the Defendants thru the CRA's were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

77. Defendants violated the FCRA 15 U.S.C. §1681s-2(b) by continuing their representation within Plaintiff's credit file with all CRA's **without also including a notation that this debt was disputed;** by failing to fully and properly investigate the Plaintiff's dispute of the DEFENDANT FURNISHERS representation by failing to review all relevant information regarding same; by failing to accurately respond to the CRA's; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of the DEFENDANT FURNISHERS representations to the CRA's.

78. As a result of this conduct, action and inaction of defendants, all of them, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and inaccurate CRA reporting's to general public.

79. Defendants conduct, action and inaction were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

80. Defendants knew (or should have known) that **any person** who fails to comply with **any requirement** imposed pursuant to the FCRA with respect to **any consumer** is liable to that consumer. (Emphasis added). Defendants, and each of them, at all times relevant herein, were the principles, agents employers, employees, and ratified, or approved of the acts or omissions alleged herein with respect to the willful and/or negligent violations of the FCRA, and were acting in the course and scope of the authority's such principals, agents, employers, and employees.

81. Plaintiff's letter of June 12, 2022, demanding reinvestigation conferred a known duty and obligation on defendants. DEFENDANT FURNISHERS continued to report inaccurate information to the CRA's, certifying to each CRA the information was accurate. Defendant ***TRANSUNION  continued to NOT properly reinvestigate and report erroneous and inaccurate data to the public regarding Plaintiff***. This intentional violation continued from July 12, 2022 (30 days from reinvestigation letter of to present day, for a total of 2 months, but limited by statute to 24 months (reporting periods DEFENDANT FURNISHERS certifying

inaccurate information). Each violation carries with it a $1,000 statutory damage per month, per reporting to each CRA. In this case the inaccurate reporting is for all three CRA's (EXPERIAN, TRANSUNION, EQUIFAX). This is a continuing damage until the inaccurate data is modified, deleted, or blocked, as required by statute.

  WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendants, for the following:

A. Statutory damages by DEFENDANT FURNISHERS CAPITAL ONE and DISCOVER BANK pursuant to 15 U.S.C. §1681n; $1,000 for each month of inaccurate reporting (2 months-continuing) to Defendant CRA TRANSUNION for a total of : $2,000, each Defendant.
B. Statutory damages by EXPERIAN, TRANSUNION, EQUIFAX pursuant to 15 U.S.C. §1681n; $1,000 for each month of inaccurate reporting (2 months) for each CRA, for a total of: $2,000, each defendant.
C. Punitive damages to be determined at trial.
D. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1681n.
E. In the alternative, Defendant CRA's was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.
F. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Defendant CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.
G. For such other and further relief as the court may deem just and proper.

## COUNT IV
## VIOLATION OF FCRA §1681i(a)
## BY ALL DEFENDANTS.

82. Plaintiff alleges and incorporates the information in all previous paragraphs.

83. ALL Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and delete the item from Plaintiff's credit file. Defendant CRA TRANSUNION failed to conduct any independent investigation and relied upon verification from a source it knows could be unreliable.

84. Defendant CRA TRANSUNION violated 15 U.S.C. § 1681i(a)(4) by failing to

review and consider all relevant information submitted by Plaintiff and by failing to request any account level information from DEFENDANT FURNISHERS regarding the alleged debt owed.

85. Defendant CRA TRANSUNION violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

86. As a result of Defendant CRA TRANSUNION violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, delay in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting, embarrassment, humiliation and other mental and emotional distress.

87. Defendant CRA TRANSUNION violations were willful, rendering Defendant CRA's liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88. In the alternative, Defendant CRA TRANSUNION was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

89. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Defendant CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant CRA TRANSUNION, for the following:
A. Judgment and compensatory and punitive damages:
B. Statutory damages against each Defendant CRA's.
C. Actual Damages, costs, interest against each Defendant.
D. Attorney's fees against each Defendant.
E. Enjoinder from further violations of these parts against each Defendant.
F. For such other and further relief as the court may deem just and proper.

# COUNT V
# VIOLATION OF FCRA §1681e(b)
# BY DEFENDANTS CRA TRANSUNION

90. Plaintiff alleges and incorporates the information in all previous paragraphs.

91. Defendant CRA TRANSUNION violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

92. As a result of Defendant CRA TRANSUNION violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

93. Defendant CRA TRANSUNION violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94. In the alternative, Defendant CRA TRANSUNION was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

95. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Defendant CRA TRANSUNION in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant CRA TRANSUNION, for the following:
A. Judgment and compensatory and punitive damages.
B. Statutory damages against Defendant CRA TRANSUNION.
C. Actual Damages, costs, interest against each Defendant.
D. Attorney's fees against each Defendant.
E. Enjoinder from further violations of these parts against each Defendant.
F. For such other and further relief as the court may deem just and proper.

# COUNT VI
## VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAFDCPA), CC §1788
## BY ALL DEFENDANTS.

96. Plaintiff alleges and incorporates the information in all previous paragraphs.

97. Plaintiff is a consumer within the meaning of 15 U.S.C. 1692a(3).

98. Defendants is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788(f).

99. The account in question is a consumer credit transaction as defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes. Defendants violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

100. Defendants violated the §1788.17 of the CFDCPA by continuously failing to comply with the statutory regulations contained with the FDCPA 15 USC §1692 *et seq*. as outlined above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against all defendants, jointly and severally, for the following:
A. Statutory damages pursuant to §1788.30(b); $1,000 for each Defendant;
B. Costs and reasonable attorney fees pursuant to §1788.30(c);
C. For such other and further relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 26, 2023

                                         Respectfully submitted

                                         /s/ *Jesus Cerda*
                                         JESUS CERDA
                                         Plaintiff Pro SE